IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BERNARD R. MARONEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 09-cv-0324-MJR |
| | ) |
| CSX TRANSPORTATION, INC., | ) |
| | ) |
| Defendant. | ) |

ORDER ON MOTIONS IN LIMINE

Reagan, District Judge:

The purpose of a motion in limine is to allow the trial court to rule on the relevance and admissibility of evidence before it is offered at trial. See Luce v. United States, 469 U.S. 38, 41, n.4 (1984)("although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials"); Fed. R. Evid. 104(a)("Preliminary questions concerning the qualification of a person to be a witness ... or the admissibility of evidence shall be determined by the court....").

Although found neither in the Federal Rules of Civil Procedure nor in the Federal Rules of Evidence, Deghand v. Wal-Mart Stores, Inc., 980 F. Supp. 1176, 1179 (D. Kan. 1997), motions in limine aid the trial process "by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." Palmieri v. Defaria, 88 F.3d 136, 141 (2d Cir. 1996).

Motions in limine also may save the parties time, effort and cost in preparing and presenting their cases. Pivot Point Intern., Inc. v. Charlene Products, Inc., 932 F. Supp. 220, 222 (N.D. Ill. 1996). Often, however, the better practice is to wait until trial to rule on objections, particularly when admissibility substantially depends upon facts which may be developed there. See Sperberg v. Goodyear Tire & Rubber Co., 519 F.2d 708, 712 (6th Cir.), cert. denied, 423 U.S. 987 (1975).

The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground, "for any purpose." Plair v. E.J. Brach & Sons, Inc., 864 F. Supp. 67, 69 (N.D. Ill. 1994). The court may deny a motion in limine when it "lacks the necessary specificity with respect to the evidence to be excluded." Nat'l Union Fire Ins. Co. of Pittsburgh v. L.E. Myers Co. Group, 937 F. Supp. 276, 287 (S.D.N.Y. 1996). Moreover, the court may alter an limine ruling based on developments at trial or sound judicial discretion. Luce, 469 U.S. at 41.

"Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." Hawthorne Partners v. AT&T Tech., Inc., 831 F. Supp. 1398, 1401 (N.D. Ill. 1993). Denial only means that the court cannot decide admissibility outside the context of trial. Plair, 864 F. Supp. at 69.

Clearly, a court may reserve judgment until trial, so that the motion in limine is placed "in an appropriate factual context." Nat'l Union, 937 F. Supp.

at 287.  Stated another way, motion in limine rulings are "subject to change when the case unfolds" at trial.  Luce, 469 U.S. at 41.  Indeed, "even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling."  Id.

On July 2, 2010, Defendant CSX filed its motions in limine (Doc. 23, a single pleading containing twenty numbered sub-parts).  Plaintiff Maroney responded on July 9, 2010 (Doc. 28).  The Court took the motions under advisement at the July 16, 2010 final pretrial conference and now rules as follows, using the numbered paragraphs found in CSX's motion.

1. Reference to indemnity/insurance coverage of CSX: Motion is DENIED.  This subject is covered by the Federal Rules of Evidence, rendering a pretrial motion in limine unnecessary.  This denial is without prejudice to raising the motion at trial, if necessary and appropriate.

2. Reference to CSX's size, solvency, financial condition: Motion is GRANTED.

3. Reference to other claims, lawsuit, settlements of CSX: Motion is DENIED.  Movant has not met the burden of showing the evidence to be clearly inadmissible on all potential grounds.

4. Settlement discussions, negotiations, offers, agreements: Motion is DENIED.  This subject is covered by the Federal Rules of Evidence, rendering a pretrial motion in limine unnecessary.  This denial is without prejudice to raising the motion at trial, if necessary and appropriate.

5. Statements as to what physicians/doctors told Plaintiff or Plaintiff's witnesses:
Motion is DENIED. Movant has not met the burden of showing the evidence to be clearly inadmissible on all potential grounds.

6. Reference to injuries sustained by other railroad employees:
Motion is DENIED. Movant has not met the burden of showing the evidence to be clearly inadmissible on all potential grounds.

7. Reference to CSX being out of state or large corporation, or to comparative status of CSX and Plaintiff Maroney:
Motion is DENIED. Movant has not met the burden of showing the evidence to be clearly inadmissible on all potential grounds.

8. Reference to congressional intent or purpose of FELA:
Court RESERVES RULING on this motion pending oral argument prior to opening statements on first day of trial. (Movant's counsel must remind Court at that time.)

9. Reference that recovery under FELA is Plaintiff's sole source of recovery (no workers' compensation benefits):
Court RESERVES RULING on this motion pending oral argument prior to opening statements on first day of trial. (Movant's counsel must remind Court at that time.)

10. Reference to medical bills/expenses to extent already paid:
Motion is DENIED. Movant has not met the burden of showing the evidence to be clearly inadmissible on all potential grounds.

11. Reference to fact damage award subject to federal income tax:
Court RESERVES RULING on this motion pending oral argument prior to opening

        statements on first day of trial.  (Movant's counsel must remind Court at that time.)

12. Reference to <u>gross</u> wages as measure of future wage loss: Court RESERVES RULING on this motion pending oral argument prior to opening statements on first day of trial.  (Movant's counsel must remind Court at that time.)

13. Use of/reference to photos from area of accident if not taken at or near time of the accident: Motion is DENIED.  Movant has not met the burden of showing the evidence to be clearly inadmissible on all potential grounds.

14. Suggestion of value of Plaintiff's pain & suffering placed in monetary terms measured per diem: Motion is DENIED as overbroad.

15. Reference to a party's failure to call or use a witness: Motion is DENIED at this time.  The admissibility of this evidence substantially depends upon the facts developed at trial (and the laying of an appropriate foundation).  Therefore, a ruling at this juncture would be premature.

16. Appeal to jurors to place themselves in Plaintiff's position: Motion is GRANTED.

17. Evidence re: reportability of Plaintiff's injury to FRA and related investigation: Court RESERVES RULING on this motion pending oral argument prior to opening statements on first day of trial. (Movant's counsel must remind Court at that time.)

18. Evidence/argument that implies that OSHA or ASTM standards establish the applicable standard of care in FELA cases: Motion is DENIED.  Use of the word "implies" renders this motion overbroad.

19. Reference that CSX could have provided alternative, safer method of work:
    Motion is DENIED.

20. Testimony/reference by witness who is not a medical doctor on any subject ... requiring education, training, etc.:
    Motion is DENIED as overbroad and lacking required specificity.

IT IS SO ORDERED.

DATED July 21, 2010.

> s/ Michael J. Reagan
> Michael J. Reagan
> United States District Judge