IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BERNARD R. MARONEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No: **3:09-cv-00324-PMF** |
| ) | |
| CSX TRANSPORTATION, INC., a ) | |
| corporation, ) | |
| ) | |
| Defendant. ) | |

### ORDER

**FRAZIER, Magistrate Judge:**

Before the Court is Plaintiff Bernard R. Maroney's Motion for Reconsideration of the Court's October 7, 2010 Order Granting Defendant CSX Transportation, Inc.'s Motion for Summary Judgment as to Count II, only (Doc. 43).

Though Plaintiff did not file his Motion for Reconsideration pursuant to any one of the Federal Rules of Civil Procedure, "the fact that it challenges the merits of the district court's decision means that it must fall under Rule 59(e) or Rule 60(b)...." *United States v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1992). Where a substantive motion for reconsideration is filed within ten days of entry of judgment, the Court will generally construe it as a motion pursuant to Rule 59(e); later motions will be construed as pursuant to Rule 60(b). *Id*.

In the case at hand, however, the Court granted summary judgment as to Count II, only, and directed the Clerk of Court to enter judgment accordingly *at the close of the case* (Doc. 42). Thus, no judgment has been entered at this time, meaning that the Motion for Reconsideration must be construed under Fed. R. Civ. P. 60(b)(1) which allows for reconsideration of "…a final judgment, *order*, or proceeding for…mistake, inadvertence, surprise, or excusable neglect…." (emphasis added).

1

It is well settled that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances.  *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)).  Rule 60(b) allows a court "to address mistakes attributable to special circumstances and not merely to erroneous applications of law."  *Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995).  The rule is not an appropriate vehicle for addressing simple legal error, for rehashing old arguments, or for presenting arguments that should have been raised *before the court made its decision*.  *Russell*, 51 F.3d at 749; *Rutledge v. United States*, 230 F.3d 1041, 1052 (7th Cir. 2000) (emphasis added).

In his Motion for Reconsideration, Plaintiff asserts that it had until October 4, 2010 to respond to Defendant's Motion for Summary Judgment.  The Court, on the other hand, previously stated that the response deadline expired on September 30, 2010 (Doc. 42).  Nevertheless, the Court failed to receive *any* correspondence from Plaintiff regarding the Motion for Summary Judgment until he filed his Motion for Reconsideration on October 7, 2010; well after either of these dates.  In his Motion for Reconsideration, Plaintiff states that on October 1, 2010, new "developments" took place regarding Plaintiff's physical condition, which required Plaintiff's counsel to contact several of Plaintiff's treating physicians (Doc. 43).  Despite these revelations by Plaintiff's counsel, no timely response to Defendant's Motion for Summary Judgment was ever filed.  Plaintiff's counsel also neglected to file a motion for extension of time to file a response, which it certainly could have done prior to the entry of the October 7, 2010 Order.  Plaintiff, however, failed to take any of these steps.

In *Spears v. City of Indianapolis*, 74 F.3d 153 (7th Cir. 1996), the Seventh Circuit Court of Appeals addressed whether excusable neglect existed when the district court refused to grant a one-

day extension of time under Fed. R. Civ. P. Rule 6(b)(1). The Court, affirming the district court's declination of a grant of extension, stated:

> We live in a world of deadlines. If we're late for the start of the game or the movie, or late for the departure of the plane or the train, things go forward without us. The practice of law is no exception. A good judge has a right to assume that deadlines will be honored.

Id. at 157. The Seventh Circuit has further stated that "…the term [excusable neglect] bears the same or similar meaning throughout the federal procedural domain." *Prizevoits v. Ind. Bell Tel. Co.*, 76 F.3d 132, 134 (7th Cir.1996) (citation omitted). Thus, the excusable neglect standard for Rule 6(b)(1) is the same as the excusable neglect standard under Rule 60(b)(1).

The Court sees no reason why Plaintiff was unable to respond to Defendant's Motion for Summary Judgment prior to the Court's October 7, 2010 Order granting said motion, or at the very least, why Plaintiff was unable to file a motion for extension of time to respond once these developments became known. Plaintiff's failure to take any action prior to October 7, 2010 does not rise to the level of excusable neglect, and therefore, the Court declines to reconsider its grant of Summary Judgment as to Count II of the Complaint.

Plaintiff has also requested that the discovery deadline and trial dates be extended. Plaintiff has requested additional time in light of his recent medical developments. In light of these recent developments, the Court determines that "good cause" exists pursuant to Fed. R. Civ. P. 16(b)(4), and modifies the scheduling order to extend the deadline for discovery of Plaintiff's treating physicians through **January 28, 2011**, and resets the trial date to **April 19, 2011.**
SO ORDERED.

DATED: October 26, 2010.

                                                       */s/ Philip M. Frazier*
                                                       HON. PHILIP M. FRAZIER
                                                       UNITED STATES MAGISTRATE JUDGE