IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BERNARD R. MARONEY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) |
| | ) Case No.   09-cv-324-PMF |
| **CSX TRANSPORTATION, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

### ORDER

**FRAZIER, Magistrate Judge:**

Before the Court is defendant's motion to bar an expert causation opinion testimony from Dr. Mandery (Doc. No. 60) and defendant's motion for partial summary judgment (Doc. No. 62). The first item considered is the motion to bar expert testimony. Defendant maintains that the opinion evidence obtained in this case doe not satisfy Rule 702, does not survive a *Daubert* inquiry and analysis, and was not disclosed in accordance with Rule 26(a)(2). The motion is opposed (Doc. Nos. 67, 69).

Challenges to testimony anticipated from an expert witnesses are governed by Federal Rule of Evidence 702 and the standards announced in *Daubert* and its progeny. In determining the admissibility of expert testimony, the court employs a three-step analysis and considers whether (1) the witness is qualified as an expert by knowledge, skill, experience, training, or education; (2) the expert's reasoning or the methodology underlying the testimony is scientifically reliable; and (3) the testimony will assist the trier of fact to understand the evidence or to determine a fact in issue. *See Ervin v. Johnson & Johnson, Inc.,* 492 F.3d 901, 904 (7th Cir.2007) (citing Fed. R. Evid. 702 and *Daubert*, 509 U.S. at 592–93); *see also Smith v. Ford Motor Co.*, 215 F.3d 713, 718 (7th Cir.2000)

(the Court will determine whether the expert is qualified in the relevant field and examine the methodology the expert has used in reaching his conclusions). The Court does not decide whether the expert opinion is correct. *Chapman v. Maytag Corp.*, 297 F.3d 682, 687 (7th Cir.2002). Rather, the Court's role is to assure that experts employ the "intellectual rigor" that would be employed in the relevant field. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999). Plaintiff, as the proponent of Dr. Mandery's testimony, bears the burden of establishing its admissibility. *See Lewis v. CITGO Petroleum Corp.*, 561 F.3d 698, 706 (7th Cir.2009).

Rule 26 of the Federal Rules of Civil Procedure requires expert reports containing a complete statement of all opinions the witness will express, the basis and reasons for the opinions, and the data or other information considered by the witness in forming the opinions. Fed. R. Civ. P. 26(a)(2)(B). If the required information is not provided, the evidence may not be used at trial unless the failure was substantially justified or is harmless.

Following review of the materials, there is no reason to doubt that (1) Dr. Mandery is qualified as an expert by his knowledge, education, and experience in the field of medicine and plastic surgery, or that (2) Dr. Mandery's testimony about plaintiff's ailments in general might assist the jury. The only question is whether the reasoning/methodology underlying Dr. Mandery's opinion that there is a causal relationship between plaintiff's work activity and his symptoms of carpal tunnel syndrome are scientifically reliable.

The materials show that Mandery met plaintiff one time for the purpose of medical consultation. Mandery evaluated plaintiff's condition to assess the nature of his hand impairment and evaluate the possibility that he could benefit from surgery. Based on his medical background and experience, as well as plaintiff's medical history and findings made on physical examination

(during which tests were performed for signs and symptoms), Dr. Mandery formed a working diagnosis that plaintiff suffered from carpal tunnel syndrome and formed the impression that surgery was a possible treatment option. In an effort to complete his evaluation, Dr. Mandery referred plaintiff to Dr. Lett for nerve testing. The results of those studies (showing a mild degree of severity) lent support to Dr. Mandery's diagnosis as well as surgery as a treatment option. So far, so good.

Later, after Dr. Mandery was contacted by plaintiff's counsel, he agreed to review additional materials and offer his opinion regarding the cause of plaintiff's carpel tunnel syndrome. Because plaintiff never returned to Dr. Mandery for follow-up care, Mandery formed his opinion as to the cause of plaintiff's carpal tunnel syndrome based on the information available: (1) his medical knowledge of the various causes for the ailment, (2) his recollection that plaintiff said he worked for the railroad for years and used his hands a lot (3) his recollection that plaintiff said he used a sledgehammer as a work tool, (4) his understanding that plaintiff performed maintenance tasks, (5) an assumption that plaintiff performed heavy labor, (6) an assumption that plaintiff performed repetitive motions with his hands, (7) an assumption that the repetitive motions were performed with enough force and frequency to cause multiple insults to the hands and wrists over time, (8) his experience treating other patients in the local community (many of whom perform heavy manual labor), and (9) his personal background working with tools on a farm. When Dr. Mandery formed his opinion, he did not have a description of plaintiff's job tasks, did not employ a grading tool (designed to assess risk levels for job activities), and did not know about plaintiff's non-work activities. Also, Dr. Mandery did not have information allowing him to rule out other possible causes for the ailment, such as a distinct traumatic injury, metabolic disease, amyloidosis, or rheumatoid arthritis.

During the discovery phase, plaintiff produced correspondence from Dr. Mandery, which related his diagnosis, his belief that a "case could be made that this could be . . . related to his 30 years of employment with the railroad," and his assumption that railroad work usually entails significant manual labor. This correspondence does not satisfy Rule 26, and there is no substantial justification offered for the missing details. The omissions are not harmless.

The Court finds that the challenged opinion evidence is inadmissible for all the reasons discussed in defendant's motion and brief. The motion (Doc. No. 60) is GRANTED. Plaintiff is barred from introducing expert testimony from Dr. Mandery to prove the element of causation.

Defendant also seeks judgment in its favor on Count 3. This motion (Doc. No. 62) is also opposed (Doc. No. 68).

Summary judgment is appropriate when the full record shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *Thomas v. H & R Block Eastern Enters*, 630 F.3d 659, 663 (7th Cir.2011); *see also* Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. In deciding whether summary judgment should be granted, the Court construes all facts and draws all reasonable inferences in favor of the nonmoving party. *Thomas,* 630 F.3d at 663; *see also Mobley v. Allstate Ins. Co.,* 531 F.3d 539, 545 (7th Cir.2008). However, the party opposing the motion may not rely on "mere allegation or denials of [the] pleading," *Anderson,* 477 U.S. at 256, but instead must present genuine,

admissible evidence that shows a factual dispute. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23 (1986).

The first argument supporting defendant's motion for summary judgment urges a finding that a prior award of summary judgment on Count 2 establishes the law of the case regarding all injuries to plaintiff's hands and wrists and bars Count 3. The Court has previously considered and rejected that argument by distinguishing Count 2 (which was based on symptoms diagnosed as Dupuytren's disease) from Count 3 (which is based on symptoms diagnosed as carpal tunnel syndrome). Grounds for reconsideration are not apparent.

Defendant also seeks judgment on Count 3 on the basis that plaintiff lacks admissible opinion evidence linking his physical symptoms of carpal tunnel syndrome to negligent acts or omissions by his employer. Such evidence is required, it is suggested, to satisfy plaintiff's burden to prove the element of causation. Plaintiff responds that summary judgment is only proper when there is "zero probability" that any such negligence contributed to his carpal tunnel ailment (Doc. No. 68, p. 2).

In a recent decision, the Supreme Court confirmed that liability under the Federal Employers Liability Act (FELA) may arise with proof that the railroad's negligence played a part, no matter how small, in bringing about the injury. *CSX Transportation, Inc., v. McBride*, 131 S.C. 2630, (2011). In other words, when negligence is shown to have "played any part, even the slightest, in producing the injury," the employer is liable for damages. *Rogers v. Missouri Pacific R. Co.*, 352 U.S. 500, 506 (1957).

The evidence plaintiff identifies on the issue of causation consists of (1) excerpts from Dorland's Illustrated Medical Dictionary and the Merck Manual of Diagnosis and Therapy, and (2) Dr. Mandery's correspondence, diagnosis, and testimony. The Court agrees with defendant that

plaintiff has not come forward with admissible evidence that CSX negligence played a part, even in the slightest, in producing symptoms attributed to his carpal tunnel syndrome.

Accordingly, the defense motions (Doc. Nos. 60, 62) are GRANTED. At the close of this case, judgment shall be entered in favor of CSX Transportation, Inc. on Count 2.

**SO ORDERED:  September 9, 2011  .**

                                              **S/Philip M. Frazier**
                                              **PHILIP M. FRAZIER**
                                              **UNITED STATES MAGISTRATE JUDGE**